UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SARA MICHELLE NUNEVILLER,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING CONNECT OF UTAH; CYDNEY ATKINSON; BUD BAILEY; TIMOTHY S. DEANS; JOHNATHAN WILSON; and GRANGER MEDICAL CLINIC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 19)**<br><br>Case No. 2:23-cv-00472<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Sara Michelle Nuneviller, proceeding *in forma pauperis*, filed this action against Housing Connect of Utah, Cydney Atkinson, Bud Bailey, Timothy S. Deans, Johnathan Wilson, and Granger Medical Clinic.[1] Ms. Nuneviller now moves for appointment of counsel.[2] Because Ms. Nuneviller does not provide a reason for her request, the motion is denied without prejudice.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment

---

[1] (*See* Second Am. Compl., Doc. No. 16.)

[2] (Mot. for Appointment of Counsel, Doc. No. 19.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

1

of counsel in civil cases is left to the court's discretion.[5]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Ms. Nuneviller asks the court to appoint counsel but states no reason or basis for the request, other than that she has been granted leave to proceed *in forma pauperis*.  As outlined above, this is insufficient to warrant appointment of counsel in a civil case.  Accordingly, the court DENIES Ms. Nuneviller's motion for appointment of counsel[8] without prejudice.[9]

---

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (Doc. No. 19.)

[9] Since the motion is dismissed without prejudice, Ms. Nuneviller can refile the motion explaining why, under the factors outlined above, her case warrants the appointment of counsel.

For these reasons, Ms. Nuneviller's motion for appointment of counsel[10] is denied without prejudice.

DATED this 25th day of October, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 19.)